

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE ANDREW WILLIAMS f/k/a LARBY AMIROUCHE, | ) ) ) |
| Petitioner-Defendant, | ) Case No. 21-CR-127-1 |
| v. | ) Magistrate Judge: M. David Weisman |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent-Plaintiff. | ) |

**DEFENDANT'S PRO SE MOTION FOR PRODUCTION OF TRANSCRIPTS AND OTHER MATERIALS RELATED TO REMOVAL PROCEEDING**

NOW COMES the Defendant, LUKE ANDREW WILLIAMS f/k/a LARBY AMIROUCHE, *pro se*, and respectfully moves this Honorable Court, pursuant to the Fifth and Sixth Amendments to the United States Constitution, Federal Rule of Criminal Procedure 5.1, and the Court's inherent supervisory powers, for an order directing the production of the following materials related to the Defendant's removal proceeding held on February 23, 2021:

a.  The complete transcript of the removal proceeding, including any discussions regarding Mr. Williams' right to an identity hearing under Federal Rule of Criminal Procedure 5(c)(3)(D)(ii) and his right to resolve the pending charges in the Northern District of Illinois under Federal Rule of Criminal Procedure 20;

b.  Any written waivers, consents, or other documents signed by Mr. Williams in connection with the removal proceeding;

c.  Any notes, memoranda, or other writings prepared by the Court, the prosecutor, or defense counsel memorializing what occurred during the removal proceeding; and

d.  Any audio or video recordings of the removal proceeding.

1

In support of this motion, Mr. Williams states as follows:

**I. The Statute of Limitations Had Expired, Rendering the Charges Time-Barred**

The charges against Mr. Williams were unequivocally time-barred when the indictment was filed on February 3, 2021. The indictment alleged that the offenses occurred "in or about and between January 2012 and April 2016." However, the last overt act alleged in furtherance of the conspiracy was "on or about August 4, 2015," more than five years before the indictment was returned.

The five-year statute of limitations under 18 U.S.C. § 3282 applies to this case, not the extended ten-year period under 18 U.S.C. § 3293(1). The Second Circuit's decisions in United States v. Bouchard, 828 F.3d 116 (2d Cir. 2016) and United States v. Heinz, 790 F.3d 365 (2d Cir. 2015) provide strong support for this argument.

In Bouchard, the court held that for purposes of the bank fraud statute, 18 U.S.C. § 1344, a "financial institution" is defined as an entity insured by the FDIC. 828 F.3d at 126. The court emphasized that a defendant cannot be convicted under § 1344(1) "merely because he intends to defraud an entity, like BNC, that is not in fact covered by the statute." Id. at 127. While the government is not required to prove that a defendant knows the defrauded entity is federally insured, "it remains true that a defendant cannot be convicted of violating § 1344(1) merely because he intends to defraud an entity, like BNC, that is not in fact covered by the statute." Id. Similarly, in Heinz, the Second Circuit stressed that for the extended statute of limitations under 18 U.S.C. § 3293(2) to apply based on the fraud "affecting a financial institution," the effect must be "sufficiently direct." 790 F.3d at 367. The court noted that the plain language of § 3293(2) makes clear that "Congress chose to extend the statute of limitations to a broader class of crimes" than those in which "the financial institution is the object of fraud." Id. However, the court also

2

emphasized that the effect of the fraud on the financial institution must be "sufficiently direct" for the extended limitations period to apply. Id.

Applying the reasoning of Bouchard and Heinz to the present case, it is clear that the five-year statute of limitations applies, not the extended ten-year period. Here, the alleged fraud involved merchant account applications and credit card processing, not direct fraud against FDIC-insured banks. Mr. Williams' interactions were limited to payment processors, which are not "financial institutions" under the bank fraud statute as defined in Bouchard.

Moreover, there was no actual or intended loss to any financial institutions, as required by Heinz for the extended limitations period to apply. In fact, the payment processors earned approximately $1 million during the period covered by the indictment. This lack of direct effect on financial institutions is precisely the situation that the Heinz court held would not trigger the extended limitations period.

Under the combined reasoning of Bouchard and Heinz, the five-year statute of limitations clearly applies, rendering the charges untimely when the indictment was returned on February 3, 2021.

## II. Ineffective Assistance of Counsel at the Removal Proceeding

Attorney Jack Corfman's failure to investigate this meritorious statute of limitations defense, to advise Mr. Williams of his rights under Rules 5 and 20, and to discuss the possibility of keeping the case in the Northern District of Illinois, constitutes ineffective assistance of counsel in violation of the Sixth Amendment. See Strickland v. Washington, 466 U.S. 668 (1984).

The Second Circuit's decision in United States v. Hansel is directly on point: "[C]ounsel's representation fell below an objective standard of reasonableness... [C]ounsel's failure to raise

3

the statute of limitations defense was not a strategic decision; it was an oversight... [T]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 70 F.3d 6, 8 (2d Cir. 1995).

Attorney Corfman's performance fell below an objective standard of reasonableness by failing to investigate the statute of limitations issue, failing to advise Mr. Williams of his rights, and failing to discuss the option of keeping the case in this district. Mr. Williams was prejudiced by this deficient performance, as he was deprived of the opportunity to make an informed decision about whether to waive his rights and consent to removal. Had he been properly advised, Mr. Williams would have asserted his right to an identity hearing and sought to resolve the charges in the Northern District of Illinois.

### III. Jurisdiction to Consider § 2255 Motion

This Court has jurisdiction to consider a § 2255 motion challenging the validity of the removal proceeding and subsequent conviction, even though the case was ultimately prosecuted in the Eastern District of New York. As the Seventh Circuit held in United States v. Taylor: "[A] district court has jurisdiction over a § 2255 motion challenging proceedings conducted in that district, even if the defendant was ultimately convicted and sentenced in another district." 414 F.3d 528, 535 (7th Cir. 2005).

The ineffective assistance of counsel occurred in this district during the removal proceeding. Therefore, this Court is the proper forum to consider a § 2255 motion on those grounds. See also United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000) (holding that district where removal hearing occurred had jurisdiction over § 2255 motion challenging validity of removal).

4

Exercising jurisdiction over a § 2255 motion in this case would be just and proper. This Court is best positioned to evaluate the conduct of appointed counsel during the removal proceeding and to determine whether that conduct violated the Sixth Amendment. Moreover, if the removal is found to have been improper due to ineffective assistance, this Court has the authority to vacate the conviction and order that any further proceedings take place in this district. See United States v. Copeland, 376 F.3d 61, 70-71 (2d Cir. 2004).

WHEREFORE, Mr. Williams respectfully requests that the Court enter an order:

a. Directing the court reporter to prepare and produce to Mr. Williams, at government expense, the complete transcript of the February 23, 2021, removal proceeding;

b. Directing the Clerk of Court to provide Mr. Williams with copies of any written waivers, consents, or other documents he signed in connection with the removal proceeding;

c. Directing the Court, the prosecutor, and Attorney Corfman to provide Mr. Williams with copies of any notes, memoranda, or other writings memorializing what occurred during the removal proceeding;

d. Directing the Clerk of Court to provide Mr. Williams with any audio or video recordings of the removal proceeding; and

e. Granting such other and further relief as the Court deems just and proper.

Dated: August 13, 2024.                             Respectfully Submitted,

<u>/s/ Luke Andrew Williams</u>
Luke Andrew Williams f/k/a Larby Amirouche
Reg. No. 31196-509
Thomson Prison Camp
P.O. Box 1002
Thomson, IL 61285

*Please also mail copies to:*
*835 Woodbine Road,*
*Highland Park, Illinois 60035*

5